Harris  v.  State.


## INTOXICATING  LIQUORS.

[Stark  (5th)  Appeals  Court,  February  Term,  1913.]

Voorhees,  Shields  and  Powell,  JJ.

DAVID  HARRIS  v.  STATE  OF  OHIO.

1. **Evidence  of  Circumstances  not  Competent  to  Fortify  Direct  Testimony  of  Absence  of  Proprietor  from  Saloon  at  Time  of  Furnishing.**

> In  a  prosecution  against  the  proprietor  of  a  saloon  for  furnishing  intoxicating  liquors  to  a  minor  in  which  it  appears  that  the  bar  tender  had  been  instructed  at  the  time  of  his  employment  not  to  sell  to  minors,  unqualified  and  unequivocal  proof  of  the  absence  of  the  proprietor  at  the  time  of  such  furnishing  having  been  given  in  direct  examination  of  the  bar  tender  in defense  of  accused,  the  narration  of  any  independent  circumstance  to  fortify  his  own  statement  is  improper  in  direct  examination  and  properly  excluded.

2. **Whether  Proprietor  or  Bar  Tender  of  Saloon  Furnished  Liquors  to  Minors  is  Immaterial.**

> An  instruction,  in  a  prosecution  for  furnishing  intoxicating  liquors  to  a  minor,  that  if  the  liquors  were  not  furnished  by  the  proprietor,  but  by  the  bar  tender  unless  the  proprietor  consented  to  such  furnishing  by  the  bar  tender  then  no  conviction  could  be  had  and  the  burden  is  on  the  state  to  show  that  the  furnishing  was  consented  to  by  the  state,  is  properly  refused  when  the  court  charges  generally  that  it  is  immaterial  whether  the  furnishing  was  by  the  proprietor  or  the  bar  tender,  unless  it  appears  that  such  liquors  were  furnished  without  the  authority  and  against  the  instructions  of  the proprietor  given  to  the  agent  in  good  faith,  and  also,  that  the  burden  of  proving  defendant  guilty  is  upon  the  state.

[Syllabus  approved  by  the  court.]

ERROR  to  common  pleas  court.

*J.  W.  Craine,*  for  plaintiff  in  error:

Burden  on  state  to  establish  authority  of  proprietor  to  bartender  to  sell  to  minor.  *Parker*  v.  *State,*  4  Ohio  St.  563, 565;  *Groenland*  v.  *State,*  6  Dec.  313  (4  N.  P.  122);  *Commonwealth*  v.  *Stevenson,*  142  Mass.  466  [8  N.  E.  Rep.  341];  *Commonwealth*  v.  *Briant,*  142  Mass.  463  [8  N.  E.  Rep.  338;  56  Am. Rep.  707];  *Minnesota*  v.  *Mahoney,*  23  Minn.  181;  *Thompson*  v. *State,*  45  Ind.  495;  *O'Leary*  v.  *State,*  44  Ind.  91;  *People*  v. *Parks,*  49  Mich.  333;  *Commonwealth*  v.  *Putnam,*  70  Mass.  (4 Gray)  16;  *Commonwealth*  v.  *Dunbar,*  75  Mass.  (9  Gray)  298.

Presumption of innocence.   Jones, Evidence (2 ed.) Sec. 101, 102.

Instruction before argument on burden of proof.   *McGuire* v. *State,* 2 Circ. Dec. 318 (3 R. 551) ; *McHugh* v. *State,* 42 Ohio St. 154; *Monroeville* v. *Root,* 54 Ohio St. 523 [44 N. E. Rep. 237] ; *Commonwealth* v. *Houle,* 147 Mass. 380 [17 N. E. Rep. 896] ; *Wood* v. *State,* 30 O. C. C. 255 (10 N. S. 371) ; *Kilbourne* v. *State,* 84 Ohio St. 247 [95 N. E. Rep. 824; 35 L. R. A. (N. S.) 766] ; *Anderson* v. *State,* 22 Ohio St. 305.

*H. C. Pontius* and *Frank N. Sweitzer,* for defendant in error.

SHIELDS, J.

David Harris, the plaintiff in error, was indicted at the January term, 1910, by the grand jury of this county for furnishing intoxicating liquors to one Florence Bonsky, a minor, to be drank by her and not being given by a physician in the regular line of his practice, to which indictment a plea of not guilty was entered.  Trial was had resulting in a verdict of guilty.  A motion for a new trial was filed which was overruled, thereupon the trial court sentenced the said David Harris to be "confined in the Stark county workhouse at Canton, Ohio, for the period of ten days and until discharged by due process of law, and that he pay a fine of $25 and the costs of prosecution, and that he stand committed until said fine and costs are paid," to all of which defendant then duly excepted.

Thereafter the said David Harris caused a bill of exceptions to be taken embodying all the evidence taken upon the trial of said case, including the charge of the trial court, and now prosecutes error in this court by the filing of a petition in error to reverse said judgment of said court of common pleas Numerous grounds of error are assigned in said petition in error for such reversal but the errors principally relied on and urged upon this court are as follows:

First.  That the said court below erred in sentencing said defendant to said workhouse and to pay said fine and costs, and to stand committed until said fine and costs were paid.

Second.  Said court erred in refusing the alleged instruc-

Harris v. State.

tions given by the plaintiff in error to his bartender in respect to selling liquors to minors.

Third.  Said court erred in excluding evidence offered by the plaintiff in error upon the trial.

Fourth.  Said court erred in refusing to give to the jury before argument a certain written request requested by the plaintiff in error.

Both counsel for plaintiff in error and counsel for the state agree that the court below pronounced a sentence upon the plaintiff in error that was both unauthorized and erroneous, and the first exception taken will therefore be sustained.

As to the second exception, an examination of the record shows by a reference had to page 45 therein that Frank Margo, a bartender and a witness for the defendant below, was asked whether or not the said defendant gave him any instructions while in his employ prior to January 10, 1910, as to selling or furnishing liquors to minors, which question was objected to, and the record shows that no action of the court was taken thereon.  Again on page 69 of the record said witness was recalled and was asked the following question:

Q.  I want to ask you whether prior to January 10, 1910, the defendant, David Harris, gave you any instruction on the subject of furnishing intoxicating liquors to minors?  (State objects.  Objection overruled.  State excepts.)

A.  Yes, sir.

Q.  Do you remember when it was that he gave you such instructions?

A.  Yes, sir, when I started to work.

Q.  When was that?

A.  In November.

Q.  Of the year before?

A.  Yes, sir.

Q.  What did he say to you on the subject?

A.  He said I should be careful not to sell to minors.

It appears, therefore, that evidence relating to the alleged instructions of the plaintiff in error to the bartender Margo on the subject of furnishing intoxicating liquors to minors was

allowed to be given and was given to the jury and that this question is not made upon the record.

Exception is taken to the action of the court below in excluding evidence offered by the plaintiff in error during the trial of said cause, upon objection by the defendant in error, on the subject of the absence of the plaintiff in error from his place of business Wednesday evening, January 5, 1910. After testifying that the plaintiff in error left his place of business about 5 o'clock on said evening, and that he did not return until midnight, the witness, Frank Margo, was asked the following question:

Q. Do you have any particular reason for knowing that he was away on Wednesday night? (State objects. Objection sustained.)

Q. Is there anything that you know of which directs your attention particularly to the fact that Mr. Harris was away on Wednesday evening, January 5, 1910? (State objects. Objection sustained. Defendant excepts.)

Margo was a witness for the defendant below and when he stated unqualifiedly and unequivocally on direct examination that the plaintiff in error was absent from his place of business on the evening in question, was it the privilege and legal right of the plaintiff in error to have said witness fortify his statement in this respect by the narration of any independent circumstance? We think not, and we further think that the witness could only avail himself of this privilege if his recollection was being tested on cross-examination. We, therefore, hold that this exception affords no ground of prejudicial error.

Exception is also taken to the refusal of the court to charge request No. 2, on behalf of the defendant below, before argument, which said request was renewed by the defendant below at the conclusion of the opening argument on behalf of the state, and which request is as follows:

"If you find from the evidence that said intoxicating liquors were not furnished by the defendant in person to said Florence Bonsky, but were furnished by a bartender of the defendant, then your verdict should be for the defendant, un-

Harris v. State.

less you find from the evidence beyond the existence of a reasonable doubt that the defendant consented to said furnishing by said bartender, and had authorized said bartender to furnish intoxicating liquors to minors, and the burden of establishing such consent or authority is upon the state.''

But said court did charge the jury on said subject as follows:

''I will say to you this, gentlemen, as a matter of law, that if you find in this case beyond the existence of a reasonable doubt that the defendant furnished to Florence Bonsky the intoxicating liquors as is averred in the indictment, and the other averments of the indictment by the same degree of proof then it is immaterial whether he furnished that liquor directly or indirectly; I mean by that whether he furnished it himself or whether he furnished it by his bartender, if you find beyond the existence of a reasonable doubt that the bartender did furnish it and furnished it with his authority. While this is the law, gentlemen, I desire to say to you further, that if you find from the evidence in the case that the liquor was furnished without his authority and against his instructions given in good faith, that he could not be convicted of the offense with which he stands charged in the indictment.''

The request made, in our judgment, is broader in its terms in relation to the alleged instructions of the plaintiff in error to his bartender than is recognized by the Supreme Court of this state and in the case of *Anderson* v. *State*, 22 Ohio St. 305, wherein it is held that:

''The directions to the agent forbidding the sale must be in good faith, for, however notorious or formal they may be, they can have no effect, if they are merely colorable.''

In the case at bar the court below gave this instruction in substance, and in refusing to give said request submitted by the plaintiff in error, we think the said court in this respect committed no error. But it is further contended by the plaintiff in error that said court erred not only in charging the jury upon the subject of instructions given to his bartender, but in refusing to charge the jury that the burden of establishing

the consent or authority given to such bartender rests upon the state as stated in said request so made. In all criminal prosecutions the burden of proof rests upon the state to prove each and every material ingredient of the offense charged by that degree of proof required by law in such prosecutions, and it is made the duty of courts under the law to so instruct juries. How was it here? It is true that the trial court did not so expressly instruct the jury in connection with its instruction upon the subject of the alleged directions of the plaintiff in error to his bartender in reference to selling intoxicating liquors to minors, but on page 78 of the record it appears that said court charged the jury as follows:

"The burden of proving the defendant guilty of the offense with which he stands charged by proof beyond the existence of a reasonable doubt is placed by the law upon the state, and the state must so prove the defendant guilty before it can ask a conviction of the defendant at your hands of the offense with which he stands charged in the indictment. The defendant is presumed, as every defendant in a criminal case is, to be innocent or not guilty of the offense with which he stands charged, and that presumption continues throughout the entire case until the state has removed it by proof beyond the existence of a reasonable doubt."

Here is a clear and explicit instruction, clearly stated, to the jury upon the subject in question. True it was not a part of said request, nor was it necessary that it should be unless said request as a whole contained sound propositions of law; nor was said court called upon to repeat said instruction. For the reasons stated we hold that this exception is not well taken.

We have examined the record with reference to the other assignments of error in said petition, especially with reference to the ground of error alleged that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. While the record shows that the witnesses differ in their testimony both as to the date when the liquor was furnished, and the identity of the person furnishing it, these were facts for

Harris v. State.

the jury to determine, and having determined them, we cannot say as a reviewing court upon an examination of the entire record that the verdict of the jury is not sustained by the weight of the evidence or that the judgment below is contrary to law.

The judgment of the court of common pleas will be reversed and it is ordered that said case be remanded to said court for resentence of the plaintiff in error according to law, and in all other respects said judgment will be affirmed.

**Voorhees** and **Powell, JJ.,** concur.